Wm. Shott *v.* The Hudson Coal Co., Appellant.

Argued March 7, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Rudolph S. Houck,* and with him *John P. Kelly* and
*H. T. Newcomb,* for appellant.

*E. C. Marianelli,* for appellee.

Opinion by Keller, J., July 14, 1932:
This case is very similar in its facts to the case of

Gima v. Hudson Coal Co., 106 Pa. Superior Ct. 288, just decided. The findings of the referee were not as complete, definite or detailed as in the Gima case, and, except for formal matters, consisted only of the following:

"Findings of Fact......

"3. On the 20th day of June, 1930, William Shott was returning to the face after waiting five minutes and had only counted four holes fired for a five-hole charge, and was caught by the explosion of the fifth hole......

"5. As a result of the explosion, claimant was shot about the face, eyes, arms, right hand, and has sustained the loss of his left eye, and has some facial disfigurement......"

"Conclusions of law......

"2. That the claimant, William Shott, at the time of the injury, was violating the Anthracite Mine Law of the State of Pennsylvania (Act of June 2, 1891), and was not acting in accordance with the special rules issued by the E. I. duPont deNemours & Company of Pennsylvania, governing the use of powder in Anthracite Coal Mines of Pennsylvania, and issued in accordance with Rule 29, Article 12, of the Anthracite Mine Law.

"3. That claimant is not entitled to an award of compensation."

In his appeal to the Workmen's Compensation Board the claimant assigned for error only the referee's third finding of fact and second and third conclusions of law, averring that the claimant's conduct at the time in question did not constitute a violation of the Anthracite Mine Law. The Board in its opinion sustaining the referee made more complete and definite findings, as follows: "The claimant, a miner, drilled five holes which he filled with monabel, a high explosive manufactured by the duPont Company. He

put a fuse in each one of the five holes, each fuse cut
to a different length so that the same would go off in
order, making five separate reports. The claimant set
off the fuses electrically and heard but four reports.
He said he thought probably two of the shots had ex-
ploded together; and after hearing the last report he
waited about five minutes and then went up to the
face where the shots had exploded. When he got
there the fifth shot exploded and the claimant was
seriously injured. Rule 29 of the Anthracite Mine
Law of 1891, P. L. 176, provides that when high ex-
plosives are used in any mine the manner of firing
shall be in accordance with special rules as furnished
by the manufacturer of the explosive; and it was
shown that these special rules were furnished by the
duPont Company; that they were approved as re-
quired; that they were posted on the bulletin board;
and that they provided that in case of a misfire at
least twelve hours or more should be allowed before
returning to the misfire. Violation of these rules by
the terms of the Act of Assembly is a misdemeanor:
Labuck v. Mill Creek Coal Company, 292 Pa. 284.
The proof is very persuasive that the claimant vio-
lated this rule. Consequently, at the time of the acci-
dent he was engaged in an illegal act and was not in
the course of his employment. The claimant argues
that he was mistaken, that he thought the five shots
had exploded and that under such conditions he could
not be held guilty of a crime. He knew, however, that
the fuses were all of different length, and that he
should have heard five distinct reports. When he did
not hear five distinct reports it was his duty not to re-
turn to the face for at least twelve hours. The Act
would be entirely nullified if the claimant's conten-
tion should prevail, because it is very unlikely that an
employe would deliberately walk into a place of dan-
ger. The rule was promulgated to prevent the very

mistake which the claimant in this case made. We are compelled to the conclusion that the referee did not err in disallowing compensation. The findings of fact, conclusions of law, and disallowance of the referee are affirmed and the appeal is dismissed."

On the appeal to the common pleas that court reversed the referee and the Board and entered judgment in favor of the claimant on exactly the same grounds set forth at length in the Gima case. The questions, therefore, before us in this case are practically identical with those which were passed upon in the Gima case and it would serve no useful purpose further to discuss them.

For the reasons set forth in the opinion in that case, the first, second, third, fourth, fifth and sixth assignments of error are sustained, the judgment of the lower court is reversed and the order of the Workmen's Compensation Board, affirming disallowance of compensation by the referee, is reinstated and affirmed.