Pastelak *v.* Glen Alden Coal Co., Appellant.

Argued October 26, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellant.

*E. C. Martianelli,* for appellee.

OPINION BY PARKER, J., March 3, 1933:

Michael Pastelak, husband of the claimant in this compensation case and an employee of the Glen Alden Coal Company, was fatally injured by an explosion of dynamite on the premises of that company. The deceased, a short time before the accident, had placed a charge of dynamite, lighted the fuse, and retired to a place of safety. Assuming a report of an explosion was from this charge, he returned to the location, when the dynamite exploded, causing the injuries which resulted in his death. The defense was that the injury was not caused by an accident in the course of the employment of the injured party, but was the result of a violation of the Anthracite Mine Law of Pennsylvania, Act of June 2, 1891, P. L. 176, and particularly Rule 31, which is as follows: "A charge of powder or any other explosive in slate or rock which has missed fire shall not be withdrawn or the hole reopened." The referee refused compensation on the ground that the defendant had violated Rules 25 and 31. On appeal to the Workmen's Compensation Board, the action of the referee was reversed and a finding was made in favor of the claimant. The common pleas court affirmed the action of the board and entered judgment for the claimant.

The referee made the following findings of fact with reference to the violation of the law: "3. That on the 10th day of December, 1930, Michael Pastelak prepared a hole by placing one stick of 4-F dynamite therein. The hole was tamped and the fuse was lit, and Pastelak retired to a place of safety. The hole misfired and the decedent returned to his place and was reopening the hole with an iron scraper when injured by the blast." On appeal, the board set aside this finding of fact and substituted therefor the following: "That on December 10, 1930, Michael Pastelak, while in the course of his employment, was injured in an explosion of dynamite. The defendant has sought to prove that Pastelak was violating the Anthracite Mine Act at the time, but has failed to prove the averment."

The defendant contends that there is not a sufficiently specific finding of fact by the board to furnish a basis for an award, and asks that the case be remitted for more specific findings of fact. The Supreme Court and this court have many times pointed out that it is the exclusive province of the compensation authorities to determine all questions of fact and the inferences of fact to be drawn from the evidence, while it is for the court, in case of an appeal, to determine whether there is competent evidence to sustain such findings and whether the law has been properly applied. It is essential that there should be specific findings of fact in order that this court may properly perform its duties. "Upon reviewing the record, we find ourselves unable to perform properly one of the duties committed to us, because the compensation authorities, the triers of the facts, have not made any findings upon certain issues of fact, which, in our opinion, must be decided one way or the other before we can determine whether the law has been properly applied to the controlling facts of this case": Tarver v. Pier-

pont Motor Co., 106 Pa. Superior Ct. 189, 161 Atl. 875. This duty of the board with relation to findings of fact is particularly important where the findings of the referee are set aside by the board. "When the board sustains an appeal from the referee and substitutes its own findings of fact for those of the referee, it should do so 'formally, instead of impliedly'. It should make a distinct finding of fact, and if it fails to do so the record will be remitted": Johnson v. State Workmen's Insurance, 100 Pa. Superior Ct. 12, 17. Also see Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 Atl. 256.

The objection to the third finding of fact by the board is that it is a mixed finding of law and fact, and we are left in doubt as to the basis for the legal conclusions that the defendant has failed to prove the averment as to violation of the Anthracite Mine Act. The board has hurdled the questions of fact and stated an unsupported conclusion. After the facts have been found, we can then, if necessary, decide the questions of law as to whether the accident occurred in the course of the employment of the deceased and whether the employee at the time was violating the Anthracite Mine Act. The board may have been moved to make the award and avoid the effect of the Anthracite Mine Act for any one of a number of different reasons. When the decision was rendered by the board, they did not have the benefit of the decisions of this court in Gima v. Hudson Coal Co., 106 Pa. Superior Ct. 288, 161 Atl. 903; Foresi v. Hudson Coal Co., 106 Pa. Superior Ct. 307, 161 Atl. 910; and Shott v. Hudson Coal Co., 106 Pa. Superior Ct. 304, 161 Atl. 909, and may have followed the decisions to the contrary by the common pleas court of Lackawanna County, where the accident occurred. They may have concluded that the charge which misfired was not in slate or rock, but in coal, and held

that it was not a violation of the law to remove a charge from coal. Again, that body may have concluded that the deceased did not in any way interfere with or attempt to withdraw the charge.

We are all of the opinion that the record should be remitted and that it is for the board to determine whether additional evidence shall be taken to the end that it may make proper findings of fact and do justice to all concerned. It may or may not be important to know where the son, who was working with his father, was at the precise time of the accident; whether he had the testimonial qualifications to say whether the father had endeavored to open the hole, or, if the father was not in the range of the vision of the witness, whether he had sufficient time after returning to the place of the accident to have interfered with the charge of dynamite. As this case must be returned for further proceedings, we call attention to the fact that certain questions propounded to the experts were clearly incompetent, as the board intimates in its opinion, and the replies violated all fundamental rules of evidence. The testimony of the experts was not confined to technical knowledge which was beyond that of the average man and would be of assistance in determining the ultimate issue, but in one case the expert was permitted to construct a complete hypothesis as to just how the accident occurred, and to usurp the functions of referee, board, and court. If another hearing is held, the experts should be limited to their proper sphere.

The judgment of the court below is reversed; the record is remitted to the court below with instructions to transmit it to the board for further action not inconsistent with this opinion.