Poellot, Appellant, v. B. & O. Railroad Co.

472

Argued April 24, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Emerson G. Hess,* for appellant.

*William J. Kyle, Jr.,* and with him *Smith, Buchanan, Scott & Gordon,* for appellee.

OPINION BY PARKER, J., July 14, 1933:

The claimant in this workmen's compensation case on January 27, 1928, suffered a contusion of the right foot and a fracture of the fifth metatarsal of that member while in the course of his employment with the defendant company, and an agreement was made by the parties for payment of compensation for a definite period. In May, 1928, the employe returned to work, but being unable to continue his labor or to walk, he was taken to a hospital. On August 10, 1928, the parties entered into a supplemental open agreement for total disability at the rate of $15 per week. On July 23, 1931, the defendant employer petitioned the compensation authorities, under the second paragraph of Section 413 of the Workmen's Compensation Act, to terminate the agreement alleging that the claimant was fully recovered and able to perform his usual labor. An answer having been filed denying the allegations in the petition, the case was referred to a referee who, after hearing, ordered that the supplemental agreement be terminated. An appeal having been taken to the Workmen's Compensation Board, it reversed the order of the referee and reinstated the supplemental agreement. In turn, an appeal was taken to the court of common pleas of Allegheny County, and that court reversed the order of the board and

entered judgment for the defendant. We are of the opinion that both the board and the lower court erred.

The first error was by the board in that it failed to make sufficiently specific findings of fact. The referee found "that the claimant has entirely recovered from his injury of January 27, 1928, as of July 6, 1931," and ordered that the supplemental agreement be terminated as of that date. The board made the following findings of fact: "First: That the claimant and defendant are bound by the terms of the supplemental agreement dated August 10, 1928. Second: That the defendant has not established by competent testimony that the claimant's disability has entirely ceased to warrant terminating the supplemental agreement. Third: There is no testimony on which to base a finding of the earning power of the claimant which would warrant the termination of the supplemental agreement." It then reversed the order of the referee and reinstated the supplemental agreement. It is the exclusive prerogative of the board, or of the referee acting for the board, to determine questions of fact. These findings must be so definite that the court of common pleas or this court, as the case may be, may properly perform the duties imposed upon it which are to determine questions of law and, under that head, to determine whether findings of fact by the board or referee are supported by competent evidence and the law has been properly applied. Where the facts are not so found by the compensation authorities, it is sometimes impossible for the court to determine the questions that are presented to it. See Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256; Tarver v. Pierpoint Motor Co., 106 Pa. Superior Ct. 189, 161 A. 875; Pastelak v. Glen Alden Coal Co., 108 Pa. Superior Ct. 89, 164 A. 846. "When the board sustains an appeal from the referee and substitutes its own findings of fact for those of the referee, it

should do so 'formally, instead of impliedly.' It should make a distinct finding of fact, and if it fails to do so the record will be remitted": Johnson v. State Workmen's Ins., 100 Pa. Superior Ct. 12, 17. There was in this case a specific finding of fact by the referee that the claimant had entirely recovered from his injury. It is only by inference that we can conclude what the board intended to find with reference to that subject. Indeed, there is doubt about the exact inference that may be drawn therefrom.

The defendant having been the actor, the burden of proof was upon it to show either that the disability which resulted from the accident was entirely removed or that the disability had been so reduced that the claimant would not be entitled to receive as much compensation as was provided for in the open agreement. If it failed to sustain this burden, claimant was entitled to a finding of fact that the disability was unchanged. It was not sufficient for the board to say that the defendant had not established by competent evidence that the claimant's disability had *entirely* ceased. It should, in this connection, have found specifically one of three things, that the disability was unchanged, that the claimant had entirely recovered from his injury, or, if there was any evidence to warrant it, that the total disability was changed to partial disability. It will therefore be necessary to remit the record for findings of fact by the board so that questions of law may, if there is an appeal, be properly disposed of by the court.

The lower court, in place of undertaking to determine the controversy on the record as presented to it, should have remitted the case to the board with instructions to find the facts more definitely. One elemental fact found by the board was "that the defendant has not established by competent testimony that the claimant's disability has *entirely* ceased to

warrant terminating the supplemental agreement.''
The court then proceeded to show that there was competent evidence which would have supported a finding that the disability had entirely ceased. Granting that there was testimony which would have sustained such a conclusion, that did not warrant the lower court in entering a judgment for the defendant, for there was also testimony which, if believed, would have sustained a finding that the disability had not changed. Consequently, there was a question of fact to be determined which neither common pleas nor this court has the power to decide. The question of fact was exclusively for the compensation authorities. Assuming further that the board based a finding of fact on an erroneous conclusion of law as to the competency of evidence, the board could in such case have been convicted of error; but there was other competent evidence which would have supported the finding, and consequently the record should have been remitted to the board to make a finding on the competent evidence The court may not assume this duty. The proper procedure is set forth with great clarity by the former Chief Justice in the case of Vorbnoff v. Mesta Machine Co., supra (p. 205). It is there pointed out when the court is warranted in entering a judgment and when the record must be remitted. Whether the record includes any evidence at all, competent in law to sustain a particular finding of fact is a question of law; but when the competency of evidence is admitted or is unattacked, a fact to be found therefrom is a question of fact and not of law. When the question for the court is solely whether a finding is supported by competent evidence and there is not any such evidence to support the finding, a court may determine that question which is one of law and enter a judgment.

The defendant alleged in its petition a total recovery, and its evidence was based solely upon that

allegation. It did not undertake at any time to show a partial recovery or, if there was a partial recovery, the extent of the disability. The burden was upon it to show either that the disability had entirely ceased or that it had become partial. If it failed to sustain this burden, the finding should have been against it in unambiguous words. We are of the opinion that as the case was presented at the hearing there was competent evidence which would have supported a finding of fact either that the disability had entirely ceased or that the disability was unchanged. We do not wish to intimate, nor would it be proper for us so to do, what the finding should be. If further testimony is necessary to enable the board to do substantial justice, they have ample authority under the Vorbnoff case to receive such evidence as the parties may desire to offer.

The judgment of the court below is reversed, and that tribunal is directed to return the record to the compensation board for further proceedings not inconsistent with this opinion.