**Bass, Appellant, v. Green Parrot Products Company et al.**

Argued April 16, 1934.

Before TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*John M. Bennett* of *Weimer & Bennett,* for appellant.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for appellee.

OPINION BY STADTFELD, J., July 13, 1934:

This is a workmen's compensation case in which Frieda Mae Bass claimed compensation for herself and on behalf of her minor child, for the death of the husband, Bernard Bass, on December 5, 1931, as a result of an accident while in the alleged employ of the Green Parrot Products Company. The referee made an award in her favor; the board sustained exceptions to the award and disallowed compensation; the court overruled exceptions and dismissed claimant's appeal.

Bernard Bass, a resident of Johnstown, Pennsylvania, and a salesman for the Green Parrot Products Company, was fatally injured in an automobile accident on December 4, 1931, while driving his private car on state highway route No. 219, midway between McGees and Mahaffey, at a place called Middletown, Clearfield County, Pennsylvania.

The Green Parrot Products Company was a corporation organized under the laws of Pennsylvania, with an authorized capital stock of $50,000, of which $11,000 was paid in and contributed by the following persons: Jacob Brodsky, $5,000 in cash; Sam Kwait, $5,000 in property, and Bernard Bass, $1,000 in cash. It was engaged in the sale of fruit products and home supplies.

Upon the organization of the company, Jacob Brodsky was elected president, Bernard Bass, vice-president, and Sam Kwait, father-in-law of both Jacob Brodsky and Bernard Bass, treasurer.

The Glens Falls Indemnity Company was the in-

surance carrier for the Green Parrot Products Company, Inc., and was allowed to intervene as party defendant.

The referee found, inter alia, that the deceased was paid $45 per week as a salesman; that neither Brodsky nor the deceased received any salary as officers of the corporation; that the deceased did not at any time receive any profits from the corporation and that he was treated as an employee of the corporation. The referee found that the decedent, Bass, was killed in the course of his employment and awarded compensation to claimant.

Upon an appeal to the board from the award of the referee, the board set aside the finding of the referee and made a new finding, saying: "We find no authority for these payments in the by-laws of the corporation, which we have carefully examined, and from all the circumstances involved herein and more particularly as they appear in these findings of fact, we are impelled to the conclusion and so find that the testimony of Jacob Brodsky, that he and Bernard Bass were paid wages for their services, was an afterthought, designed to secure for the dependents of Bernard Bass, compensation from its insurance carrier under the provisions of the Workmen's Compensation Act and the amendments thereto." The board was of the opinion that the claimant had not shown, by convincing proof, that decedent was in fact an employee of the defendant company, or that he was engaged in the capacity of an employee in furthering the business of the company at the time he sustained the fatal accident and therefore disallowed the claim.

Upon an appeal to the common pleas court, exceptions to the findings and conclusions of the board were overruled and the appeal dismissed after argument before McCann, P. J., McKenrick, J., and Greer, J.,

in an opinion by McCANN, P. J. From this action of the lower court this appeal was taken.

Appellant contends that the findings of the board are not based on competent evidence and that its second conclusion of law in finding that decedent was in fact not an employee of defendant company, or that he was not engaged in the capacity of an employee in furthering the business affairs of the defendant company at the time he sustained fatal injuries, is unwarranted and not based on competent evidence.

If the findings of the board are based on legally competent evidence, they are conclusive on the lower court as well as on this court on appeal.

An examination of the record shows that deceased was one of the incorporators of defendant company as well as a stockholder and director; also its vice-president, elected March 22, 1928; again elected on March 22, 1930 as vice-president and secretary.

In the by-laws of the company, offered in evidence, there is nothing to show that the deceased was a salaried employee. This, in itself, however, would not be conclusive. In the policy of insurance issued by the Glens Falls Indemnity Company, insurance carrier, covering the period from May 9, 1930, to May 9, 1931, no premium was paid for Bernard Bass, according to the testimony of the payroll auditor of the company, nor did it include the officers of the company. There was no evidence of any change in the relationship of decedent to the company, or the work in which he was engaged at the time of renewal of the policy for the succeeding year or at any time during said year. This would indicate that the company did not consider Bernard Bass an employee. As vice-president, in the absence of the president, he would necessarily be the executive officer of the business.

In the policy for the year 1931-1932 there was no coverage for salesmen, which, according to the testi-

mony of Jacob Brodsky, president of the company and brother-in-law of decedent, was the capacity in which decedent was alleged to be working. According to Brodsky's testimony, Bass was receiving a salary of $45 a week at the time of his decease. He had previously been receiving $35 per week. Brodsky could not state or did not know whether his own name, or that of Bass, was included in the audit for the purpose of workmen's compensation premium. There were no payroll records, checks, or other evidence of the payment of any salary to Bass.

The credibility of the witness, Brodsky, was a matter entirely for the referee or the compensation board. This finding of fact, that Bass was not an employee of the company was based on competent testimony, and is conclusive, as the board is the final fact finding body under the Workmen's Compensation Act.

As stated by our Brother Parker, in Pastelak v. Glen Alden Coal Company, 108 Pa. Superior Ct. 89, 164 A. 846: "All questions of fact and inferences of fact are for the compensation authorities." It is not the function of the court to weigh conflicting evidence nor decide what inference shall be drawn therefrom: Rodman v. Smedley, 276 Pa. 296, 120 A. 266; Slemba v. Hamilton & Sons, 290 Pa. 267, 138 A. 841.

The revisory powers of the courts are limited to the determination of the question whether there is competent evidence to support the findings and whether the law has been properly applied to them: Watson v. Lehigh Co. & N. Company, 273 Pa. 251, 116 A. 889; Hunter v. American Steel & Wire Company, 293 Pa. 103, 141 A. 635. In the words of Mr. Justice Simpson in Stahl v. Watson Coal Co. et al., 268 Pa. 452, 454, 112 A. 14: "If the vital point in dispute is claimed to have been established by direct proof, the question whether or not there is evidence to sustain it is one of law and may be reviewed; but, if such evi-

dence appears, the finding becomes one of fact and is not subject to review, though the referee and the board might well have decided the point differently and the court would possibly have done so."

As stated in Seitzinger v. Fort Pitt Brewing Co., 294 Pa. 253, 258, 144 A. 79: ". . . . . . the burden of proof was upon the claimant, and, if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if, in the opinion of the board, such evidence is so indefinite and inconsistent that it can not be accepted as a basis for a finding which would sustain an award, no compensation need be given."

Under the law as stated, we see no error in the disposition of the case by the lower court, on the ground that claimant's right to compensation was not established. In view of this conclusion it is not necessary to discuss the other question whether or not at the time of the fatal accident, decedent was engaged in furthering the affairs of defendant company.

The assignments of error are overruled and judgment affirmed.