# Wells, Appellant, v. Lowber Gas Coal Company et al.

486

Argued April 22, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*August L. W. Sismondo,* with him *Eugene C. Sloan,*
for appellant.

*Frank R. Crow, Jr.,* of *Henderson, Parshall & Crow,*
for appellee.

OPINION BY RHODES, J., July 23, 1942:
Claimant was accidentally injured on June 30, 1937,

while in the course of his employment with defendant. On August 23, 1937, an open agreement was entered into for the payment of compensation for total disability under which compensation was paid to April 17, 1938. On April 19, 1938, defendant filed its petition for termination, alleging that claimant had fully recovered from the injuries sustained on June 30, 1937. Claimant, in answer to the petition to terminate, made denial that he had recovered from the injury which formed the basis of the agreement, and averred that he was still totally disabled as a result thereof. The referee dismissed defendant's petition to terminate the agreement, and directed that compensation payments be continued thereunder. The Workmen's Compensation Board, on appeal by defendant, substituted its own finding of fact and conclusion of law for those of the referee, struck off the order entered by the referee, and ordered and directed that disability payments be made by defendant to claimant on the basis of 50 per cent partial disability at the rate of $7.50 per week, from April 15, 1938, so long as claimant's disability remained unchanged in character within the limitations of the act. On appeal by claimant to the court of common pleas the action of the board was sustained, and claimant's appeal dismissed. This appeal by claimant has been taken from the order of the court below.

As set forth in the agreement, claimant, on June 30, 1937, while pushing an empty mine car, sprained his back.

The burden of proving the averment in its petition for termination of April 19, 1938, that "claimant has fully recovered from the injury sustained on June 30, 1937," or that the disability had been so reduced that the claimant would not be entitled to receive as much compensation as was provided for in the open agreement was on defendant. *Poellot v. Baltimore & Ohio R. Co.*, 109 Pa. Superior Ct. 471, 475, 167 A. 497; *Stanella v. Scranton Coal Co.*, 122 Pa. Superior Ct.

506, 513, 186 A. 211; Act of June 2, 1915, P. L. 736, §413, as amended, June 4, 1937, P. L. 1552, §1, 77 PS §774.

At the hearing before the referee, defendant, in support of its petition, called three medical witnesses. These witnesses testified in substance that in their professional opinion claimant no longer suffered from any disability as the result of his injury. Claimant called two medical experts. The one, Dr. C. Corrado, testified that in his opinion claimant was not able to do any hard manual work although he might be able to do some special type of work of a light nature. This witness also admitted that his opinion was based almost entirely upon expressions of pain elicited from claimant during his examination, and not from physical findings of an objective nature, and said that others with backs like that of claimant were able to work. The other, Dr. F. N. Parent, made an examination of claimant on July 14, 1938. He testified that claimant in his opinion was disabled for heavy industrial work such as coal mining; that he could probably do some light work with some inconvenience; that he could do work requiring bending of his back with some discomfort.

The referee called an impartial medical expert to testify due to the conflict of professional opinion. Dr. W. O. Markell, the medical expert selected by the referee, made a complete examination of claimant on December 1, 1938. His conclusion was that claimant was totally disabled due to a fibrositis in the lumbar region, and that he was suspicious of a gall bladder condition.

The referee apparently accepted the opinion of this medical expert as the basis of his second finding of fact which was to the effect that claimant was totally disabled.

The board set aside the referee's second finding of fact, and in lieu thereof substituted the following: "Second. It appearing from a review of the medical testimony of record in this case that the claimant's disability is not

total in character, but on the contrary that he is capable of engaging in industrial work of a light character, the defendant is entitled to a modification of compensation agreement heretofore entered into on the basis of a 50% disability resulting from claimant's accident and injury of July [June] 30, 1937."

Counsel for claimant concedes on this appeal that if the board had decided that claimant was no longer disabled and that he was able to go back to work he would be in no position to complain, as the medical experts for defendant testified to that effect.

The question presented is the right of the board to make a finding of partial disability of 50 per cent. It is argued that there is no evidence to sustain a finding as to the degree of claimant's disability. From the testimony of the five medical witnesses who were called by claimant and defendant it cannot be said that claimant is entirely incapable of performing remunerative employment, and a finding of 50 per cent disability would seem to be most reasonable from the testimony. In addition to the professional opinions of the medical witnesses, there is the testimony of Dr. W. B. Crawford who frequently saw claimant outside his professional capacity, and observed his ability to go about with ease and walk up and down steep streets, at least twice a day, without difficulty.

It was for the board to determine the degree of disability, if any, suffered by claimant. *Marmon v. Union Collieries Co.,* 135 Pa. Superior Ct. 582, 587, 7 A. 2d 156. It is a matter which involves the exercise of sound judgment and common sense by the board, and a conclusion cannot be reached by virtue of any mathematical formula. Although none of the medical experts expressed an opinion in terms of percentage of disability, we think there was substantial evidential support for the finding of the board.

Claimant had been employed by defendant as a loader at one of its mines. Claimant had no objective symptoms,

and there was medical testimony that he was suffering no disability. As Dr. J. O. Wallace testified, he had a condition confined to the soft tissues of the back which had no material effect upon his movements, and which would not prevent him from going back to work. Claimant himself testified that he was 56 years of age, that he has not been able to work since he was injured in June, 1937, and that he was unable to work even fifteen minutes at a time around his garden without suffering pain. The board was not obliged to find from the testimony either that claimant was totally disabled or that he had no disability with unimpaired earning power. Although the board could have found, as claimant concedes, that he was suffering no disability from his accident, it nevertheless found that claimant was partially disabled, fixed the extent of his disability at 50 per cent, and determined the compensation claimant was entitled to receive on account of the partial disability due to the injury to his back. In doing so the board, in the exercise of sound discretion, was obliged to find the unknown quantity—earning power. See *Svestka v. Union Collieries Company*, 149 Pa. Superior Ct. 468, 27 A. 2d 675. As to this it could consider, with all the evidence, the body in its normal condition impaired only by the back injury as described by some of the medical experts. *Bausch v. Fidler*, 277 Pa. 573, 579, 121 A. 507.

Section 306 (b) of the Act of June 2, 1915, P. L. 736, as amended, June 4, 1937, P. L. 1552, §1, 77 PS §512, in force at the time this matter was before the board, provided: "In cases of partial disability, the actual earnings of an employe, after the date of injury, may, along with other evidence, be received as evidence of the extent of his earning power, but if such employe has no such earnings, the referee may, in the interest of justice, fix such earning power as shall be reasonable, having due regard to the character of his

previous employment, and the nature of his injury and his partial disability."

The disability contemplated by our workmen's compensation acts is the loss, total or partial, of earning power resulting from the accident. *Woodward v. Pittsburgh Engineering & Construction Co. et al.*, 293 Pa. 338, 340, 143 A. 21; *Byerly v. Pawnee Coal Co. et al.*, 105 Pa. Superior Ct. 506, 509, 161 A. 460; *Keiser v. Philadelphia & Reading Coal & Iron Co.*, 134 Pa. Superior Ct. 104, 106, 4 A. 2d 188. It is advisable for the compensation authorities in proceedings of this nature to follow a finding that total disability has changed to partial with a finding as to when this took place and the extent of the loss of earning power (*Stanella v. Scranton Coal Co.*, supra, p. 511), whereupon the compensation payable may be computed by taking the prescribed percentage of the difference between the wages of the injured employee, as defined in the act, and the earning power of the employee thereafter. The proper order of modification can then logically be made. A percentage of disability is not necessarily equivalent to a loss of earning power of the same percentage, as there may be some disability as the result of an accidental injury with no loss of earning power. A finding which requires for the computation of the compensation payable the ascertainment of the degree of efficiency of a claimant, and from that a fixing of his earning power is of doubtful propriety.

Our decision is confined, however, to the question presented and argued on behalf of claimant.

The order is affirmed.