MARTHA BLACKMAN

*vs.*

PROPRIETORS OF GARDINER AND PITTSTON BRIDGE.

Kennebec. Opinion May 29, 1883.

*Damages. Personal injuries.*

In an action for damages for personal injuries, the law will not allow the plaintiff to recover for his own loss of time and loss of capacity to labor, and, in addition thereto, recover what he has to pay another to supply that loss of labor.

In such an action, the presiding judge instructed the jury, upon the question of damages, that the plaintiff (a married woman) would be entitled to recover for loss of time and incapacity to labor, and added, after calling attention to the testimony in relation to expenses for medical attendance and an additional domestic, that the plaintiff, " was entitled to recover what she had to pay, in the exercise of prudence and care, for nursing *and assistance.*" *Held*, That the words "and assistance" were calculated to convey to the jury the idea that the plaintiff was entitled to recover not only what she

had been obliged to pay for doctor's bills and nursing, but in addition thereto, for assistance about the house, etc. and for that reason the instruction was erroneous.

ON EXCEPTIONS and motion.

An action on the case against the defendants, a toll-bridge corporation, for personal injuries alleged to have been sustained by the plaintiff, a married woman, in crossing the defendants' bridge, December 30, 1878, from a defect caused by ice upon which she fell and fractured a bone of the arm and dislocated the wrist. The writ was dated September 17, 1880.

The opinion states the material facts.

*Vose and Farrington*, for the plaintiff.

*Orville D. Baker*, for the defendants, cited upon the question considered in the opinion: Shearman and Redf. Negligence, § 606; *Oliver* v. *No. Pac. Trans. Co.* 3 Oregon, 84; *Bridge Ass'n* v. *Loomis*, 20 Ill. 235; Dicey on Parties, 391; *McCarthy* v. *Guild*, 12 Met. 291; Stat. 1876, c. 112; *Abbott* v. *Abbott*, 67 Maine, 308; *Hobbs* v. *Hobbs*, 70 Maine, 382; *Filer* v. *N. Y. Cen. R. R. Co.* 49 N. Y. 47 (10 Am. R. 327.)

WALTON, J. While the plaintiff was crossing Gardiner toll bridge, she slipped and fell, and injured her wrist and arm; and for this injury she has recovered against the bridge company a verdict for $1291.63. The defendants claim that this amount is excessive, and ask for a new trial. They also except to the charge of the presiding judge upon the question of damages.

The verdict seems to be large for such an injury; but we are not prepared to say that it is so clearly excessive as to require us to set it aside, if we could feel sure that it was not based on an erroneous understanding of the law. But we do not feel sure of this. It seems to us that there is an error in the charge of the presiding judge which might, and probably did, improperly increase the amount of the verdict. The jury was instructed that there were certain elements of damage which could be computed with some degree of accuracy; and among these elements the presiding judge mentioned the plaintiff's loss of

time and incapacity to labor. This was undoubtedly correct. He then referred to the plaintiff's testimony, and called the attention of the jury to the fact that she had testified that she paid her physician twelve dollars; and, being unable to perform her usual labor, she had for about six months, hired another domestic in addition to the one that she had employed prior to that time, paying her wages at the rate of eight dollars a week. He then instructed the jury that the plaintiff was "entitled to recover what she had to pay, in the exercise of prudence and care, for nursing *and assistance*." Now, the case shows that in addition to her own family, the plaintiff kept several boarders, and . that this additional domestic was her own sister (Miss Clark), and that, in addition to doing what was necessary to make the plaintiff comfortable, she took her place in the family, and, as Miss Clark herself testified, "did the general housework, looked after her family, and assisted about taking care of it, as she (the plaintiff) did when she was round."

Now the law would not allow the plaintiff to recover for her own loss of time, and loss of capacity to labor, and, in addition thereto, recover what she had to pay a domestic to supply that loss of labor. That would be double compensation. It would be paying twice for the same thing. As well might a plaintiff recover, first, for the value of a horse killed through a defect in the highway, and then for the money paid to buy another.

The plaintiff was undoubtedly entitled to recover for her bodily and mental sufferings, for necessary medical attendance and nursing, and for her loss of time, or loss of capacity to labor. But when the jury was instructed that she was entitled to recover what she had paid for "nursing *and assistance*," the last two words were probably used by the presiding judge inadvertently, and without perceiving, at the moment, the force and effect which, under the circumstances, and in view of the plaintiff's evidence, to which their attention had just been called, they would be likely to have with the jury. They were calculated to convey to the jury the idea that the plaintiff was entitled to recover not only what she had been obliged to pay for doctor's bills and nursing, but in addition thereto, what she

had paid for assistance about the house, and in taking care of her family and boarders — labor which she herself would have been able to supply if she had not been injured; and, as there is nothing in any previous or subsequent portion of the charge to limit or restrain their meaning, it is impossible to say that the jury did not so understand them, and act accordingly. For this reason we think the exceptions must be sustained and a new trial granted.

*Exceptions sustained.*
*New trial granted.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.