## Olin *v.* Bradford, Appellant.

*Negligence—Damages—Earning power—Evidence.*

In a negligence case loss of earning power can only be considered as an element of the measure of damages, where there is evidence from which the pecuniary extent of such loss may be estimated.

In an action by a woman to recover damages for personal injuries, the jury may consider loss of earning power as an element of damages where the plaintiff shows that she had been employed as a nurse at certain wages, that she gave up that occupation and kept house for her son, and that after her injuries it became necessary to employ another person at stated wages to take her place as housekeeper.

*Negligence—Municipalities—Defective sidewalks.*

In an action against a city by a woman to recover damages for personal injuries caused by a fall on a defective sidewalk, the case is for the jury where the evidence tends to show that the plaintiff was injured by the tipping up of a loose board in a walk, one end of which was stepped upon by a companion of plaintiff, that plaintiff was looking ahead at the time, and that the sidewalk had been in a defective condition.

Argued Oct. 28, 1903. Appeal, No. 31, Oct. T., 1903, by defendant, from judgment of C. P. McKean County, Oct. T., 1901, No. 127, on verdict for plaintiff, in case of Sarah Olin v. Bradford City. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MORRISON, P. J.

At the trial it appeared that on April 10, 1901, plaintiff while walking with a companion tripped and fell over a loose plank in the sidewalk. The plank flew up as plaintiff's companion stepped upon it. Plaintiff testified that at the time of the accident she was looking ahead. There was evidence that the sidewalk had been in a defective condition for two weeks prior to the accident.

Plaintiff had been at one time a nurse, and the evidence showed that she earned about ten dollars a week in that capacity. Four or five years before the accident she ceased to be a nurse and became the housekeeper of her son. There was evidence as to the amount of wages paid to a woman to take her place as housekeeper. Defendant presented the following points:

1. That under all the evidence in this case there can be no recovery against the defendant and your verdict should be for the defendant. *Answer:* We cannot affirm this point. To affirm it would be to withdraw the case from your consideration and decide it as a matter of law. This we cannot do, because we think there are facts and deductions to be drawn from the evidence and from the facts if they are established, that are for the jury and not for the court. It is sometimes claimed that when a court refuses to affirm a point like this jurors understand it to be an indication of the court that there ought to be a recovery. That is a mistake. It is simply the opinion

of the court that the case is not one to be decided by the court, but to be decided by the jury, upon the law, as the court gives it to them and upon the facts as they find them from the evidence. [1]

4. That if the jury believe the plaintiff should recover, then the measure of damages is the expense to which she has been subjected by reason of the injury complained of, and compensation for the inconvenience and suffering naturally resulting from it. *Answer:* We cannot unqualifiedly affirm that, because it doesn't go quite far enough. It is substantially correct on the two items that it refers to, but it excludes from your consideration the loss of earning power, therefore, we do not affirm it unqualifiedly as drawn, and must therefore refuse it. [2]

5. That there can be no recovery on account of loss of earning power of the plaintiff, there being no evidence of any loss to her on that account. *Answer:* We cannot unqualifiedly affirm that point. While we say to you that there is very little evidence here for you to base damages upon for loss of earning power, we cannot say that there is none. In this connection, I desire to refer briefly to the testimony that she was a nurse. It does not seem to the court, in the way the testimony comes out from herself, that you could safely base any damages upon her earning capacity as a nurse. Her own evidence is that she quit nursing four or five years ago on account of pains in her back, and there is not a scintilla of evidence that she ever resumed nursing, or had an opportunity or disposition to nurse again and therefore it is not fair, we think, to present this to the jury to estimate damages to her on the ground that she was a nurse and that she could earn a dollar a day or ten dollars a week as a nurse, because she says she voluntarily ceased to be a nurse four or five years ago, and gave a reason for it that her back pained her. But she is a housekeeper, and for a number of years before this accident she had been keeping house and she has been keeping house or trying to for her son since; and I don't think we ought to say to you, as the counsel asks us to in the fifth point, that there is nothing upon which to base any estimate of the loss of earning power, because I think the jury would be justified in finding that she had lost something in her earning capacity as a housekeeper, if she is injured as she claims she is and as the medical men seem to think she is.

While it is not demonstrated in dollars and cents in the evidence how much difference it would make, it seems to me it is in the province of the jury to determine how much earning capacity as a housekeeper she has lost, if she is in the condition that she says she is. And if you come to make up a verdict of the amount of damages then there is something that might be allowed on that question. I think it is too apparent that a woman sixty-nine years of age, if she was in reasonably good health and keeping house before an accident like this and the accident left her in the condition she says this did and the medical testimony seems to show, I think it is reasonable for the jury to infer that it did lessen her earning capacity as a housekeeper to some extent. [3]

Verdict for plaintiff for $1,240 upon which judgment was entered for $1,000, all above that amount having been remitted. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*E. P. Schoonmaker*, for appellant.—There was no evidence on which to base any damages for loss of earning power: O'Reilly v. Monongahela St. Ry. Co., 17 Pa. Superior Ct. 626 ; McHugh v. Schlosser, 159 Pa. 480; Wallace v. Penna. R. R. Co., 195 Pa. 127 ; McKenna v. Citizens' Natural Gas Company, 198 Pa. 31.

*T. F. Mullin*, of *Mullin & Mullin*, for appellee.

OPINION BY SMITH, J., December 19, 1903:

The questions relating to negligence, on the part of the defendant, and contributory negligence on the part of the plaintiff, were submitted to the jury with instructions that accurately defined the duties of both parties under the circumstances. On these points the jury have found in favor of the plaintiff and an examination of the evidence leaves no room for doubt that it warrants this finding : McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181.

The only question remaining relates to the alleged loss of earning power by the plaintiff. It is too well settled to require the citation of authorities that such loss cannot be considered,

as an element of the measure of damages, in the absence of evidence from which its pecuniary extent may be estimated. Even if we may presume an earning capacity in a person of ordinary physical and mental powers, we cannot presume its quantum, pecuniarily ; hence, without evidence on this point, there is no ground from which the pecuniary damage arising from its loss or impairment can be determined.

In the present case there was sufficient ground for an estimate of the pecuniary damage to the plaintiff from the effect of her injuries on her earning power. What she could have earned, in any employment open to her, formed an adequate basis for such estimate. There was evidence of her previous earnings as a nurse. That she chose to quit this occupation, and keep house for her son, does not imply that she was no longer able to continue it, and, if the evidence raised the question, her ability to do so was to be determined by the jury. There was also evidence of the amount which it became necessary to pay the person who took her place and performed her duties as housekeeper, and the jury were warranted in regarding this as a fair measure of their value. The evidence showed that, practically, a total loss of earning power followed her injuries. The pecuniary measure of this loss was the amount she could have earned in any employments which she had followed, and would have remained able to follow but for her injuries, and this was for the jury to determine. It is impossible to say how far this loss was taken into account by the jury ; but since there was evidence from which it could fairly be estimated, the question respecting it was properly submitted to them, and their finding must be accepted as conclusive of it.

Judgment affirmed.