# Robb *v.* Niles-Bement-Pond Co., Inc., Appellant.

*Negligence—Iceman—Delivery of ice on dangerous premises— Contributory negligence—Case for jury.*

1. The owner or occupant of premises who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition.

2. Where an iceman in delivering ice steps in a pool of oil on his customer's premises and is injured, the question of his contributory negligence and the customer's negligence is for the jury, where the evidence is that the oil had been suffered to remain there for several hours, and is conflicting as to whether plaintiff could or could not have seen the oil before stepping into it.

*Negligence—Damages—Earning power—Loss of hand—Increased expenses of conducting business.*

3. The amount a plaintiff is bona fide compelled to pay another to do what he could have done, but for the injury, is always recoverable as a loss of earning power.

4. Where a person loses the use of a hand, and is required to pay twice as much for help as he paid prior to the accident, the increased cost of help is an element of damages.

Argued January 5, 1921. Appeal, No. 22, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1917, No. 3150, on verdict for plaintiff, in case of John A. Robb v. Niles-Bement-Pond Co., Inc. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before WESSEL, J.
The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000. The court ordered a new trial, unless plaintiff within ten days filed a stipulation that he would accept $5,000 in full satisfaction to be paid, or security entered therefor, within thirty days after notice of filing stipulation; and that if payment was not made or secured, judgment to be entered on the verdict. The stipulation was filed and judgment entered for $5,000. Defendant appealed.

*Errors assigned*, among others, were above order and judgment, quoting them.

*Benjamin O. Frick*, with him *Prichard, Saul, Bayard & Evans*, for appellant.—There was no evidence to justify the submission to the jury to find future loss of earnings: McKenna v. Gas Co., 198 Pa. 31; Frysinger v. P. R. T. Co., 249 Pa. 555.

The court erred in making its order reducing the verdict from $7,000 to $5,000 conditional upon the latter amount being paid or payment thereof secured within thirty days: Ralston v. P. R. T. Co., 267 Pa. 278.

*Joseph P. Gaffney*, of *Gaffney & Bauer*, for appellee.—There was evidence to justify the submission to the jury to find future loss of earnings: Penna. R. R. v. Dale, 76 Pa. 50; Goodhart v. R. R., 177 Pa. 1; Kerr v. Frick, 255 Pa. 452; Yeager v. Brewing Co., 259 Pa. 123; McKenna v. Gas Co., 198 Pa. 31; Wallace v. R. R., 195 Pa. 127; Helmstetter v. Rys., 243 Pa. 422; Smith v. R. R., 246 Pa. 370; Frysinger v. P. R. T. Co., 249 Pa. 555.

One who goes to deliver goods to the owners or occupants of the premises is there by implied invitation: Woodruff v. Painter, 150 Pa. 91; Connelly v. Faith, 190 Pa. 553; Polenske v. Lit Bros., 19 Pa. Superior Ct. 474; Bloomer v. Snellenburg, 221 Pa. 25; Jones v. C. & C. Co., 255 Pa. 339; Spahn v. Woolworth, 22 Pa. Dist. R. 874.

OPINION BY MR. JUSTICE WALLING, February 14, 1921:

This action is for personal injuries. Defendant's factory is located at Twenty-first and Callowhill streets, Philadelphia, and plaintiff, on August 10, 1917, while carrying ice into the factory, slipped and fell, causing a serious and permanent injury to his left hand. The accident happened at noon and the evidence for plaintiff indicates that his fall was caused by stepping into a pool of oil, about two feet in diameter, which had been suffered to remain on the cement floor for five hours, at a place near the doorway through which defendant's servant directed plaintiff to take the ice. It does not clearly appear what caused the pool of oil; the most likely theory seems to be that it dropped from the crane above during the night. It is not shown that such a pool had ever collected there before. Plaintiff delivered the ice daily and was familiar with the place, but testified that the light was not sufficient to enable him to see the oil before stepping into it, while the evidence for defendant was strong to the contrary. The trial judge submitted the questions of negligence and contributory negligence to the jury, who found for plaintiff; judgment having been entered upon the verdict, defendant brought this appeal.

Defendant was plaintiff's customer for the ice and it was the latter's duty to go upon the former's premises to deliver the same; hence, defendant was required to use reasonable care to keep its premises in such condition as not to expose plaintiff to unnecessary danger: Bloomer v. Snellenburg, 221 Pa. 25; Connelly v. Faith, 190 Pa. 553; Clopp v. Mear, 134 Pa. 203; Polenske v. Lit Brothers, 18 Pa. Superior Ct. 474. In 29 Cyc. 453, the rule is stated, "The owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger." See also Market Co. v.

Clagett, 19 Appeal Cases Dist. of Columbia 12. Whether the oil caused the accident and, if so, whether defendant was at fault in not observing and removing it prior thereto, were questions for the jury.

If by the use of ordinary care plaintiff could have seen and avoided the pool of oil he could not recover; but that depends on the condition of the light and other circumstances and was also for the jury. Plaintiff was carrying a hundred pounds of ice, with no reason to anticipate special peril, and, coming in from the bright sunlight, his first glance might not be entirely distinct, and it does not appear just how observable the pool of oil was. The presumption is that he used due care and the proof does not clearly establish the contrary.

As part of plaintiff's hand was amputated, the injury is necessarily permanent and, under the proof, reduces his earning power about one-half. He is and for many years has been engaged in a small retail ice business, in which, prior to the accident, he required a helper only one-half of the year, while since the accident he requires one the entire year at a salary of $60 a month. This shows a direct loss of earning power of at least $350 a year; and, considering the permanent character of both the injury and his business, justifies a recovery for loss of future earnings. The amount a plaintiff is bona fide compelled to pay another to do what he could have done but for the injury is always recoverable as a loss of earning power. This principle is clearly stated by the present Chief Justice in McGonnell v. Rys. Co., 234 Pa. 396, 400, as follows: "The first assignment complains of evidence introduced to show wages paid by the plaintiff to servants at her new hotel, who were engaged to do work which prior to the accident, at her old place of business, she had been able to accomplish herself. Testimony showing wages paid to a servant employed to perform necessary work for a plaintiff, which before her injury she did herself, is always admissible (Willis v. Traction Co., 189 Pa. 430); and proof relied upon to show diminu-

tion of earning power need not be clear and indubitable (Simpson v. Railroad Co., 210 Pa. 101, 104)." To like import see Olin v. Bradford, 24 Pa. Superior Ct. 7. The rule seems to be the same in other jurisdictions: "Where a party is engaged in a business to which he gives his personal attention, and finds it necessary to engage assistants to perform the services for which he is disabled, there may be a recovery of the reasonable amounts so expended": Watson on Damages for Personal Injuries, section 544; Galveston City Ry. Co. v. Chapman (Tex.), 80 S. W. 856; Blackman v. Gardiner Bridge, 75 Me. 214. The jury had in addition the plaintiff's age, health, expectancy and business all before them, so the contention that there could be no recovery for loss of future earnings cannot be sustained. On defendant's objection the trial judge excluded evidence as to plaintiff's earnings in his business, but as he took no appeal the accuracy of such ruling is not before us.

The verdict was for $7,000. This the court below thought excessive and very properly (Hollinger v. York Rys. Co., 225 Pa, 419) made an order granting a new trial unless plaintiff remitted all of the verdict in excess of $5,000. This plaintiff did, and pending the appeal has filed a remittitur of all of the judgment in excess of that amount. So much of the court's order as directed judgment to be entered for the larger sum provided the smaller was not paid, therefore, becomes immaterial. Doubtless the terms imposed upon defendant would have been omitted from the order had it not been made prior to our decision in Ralston v. Phila. R. T. Co., 267 Pa. 278.

The assignments of error are overruled and the judgment is affirmed for the stipulated amount of $5,000.