Carson *v.* Real Estate-Land T. & T. Company et al., Appellant.

38

Argued March 15, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellant, cited: Vorbnoff v. Mesta Machine Co., 286 Pa. 199; Smith v. Welsh Bros., 102 Pa. Superior Ct. 54; Riley v. Carnegie Steel Co., 276 Pa. 82.

*W. S. Harris,* for appellee.

OPINION BY BALDRIGE, J., April 17, 1933:

The claimant, on October 27, 1929, at the age of 53 years, broke his hip, as the result of a fall from a scaffold during the course of his employment as a janitor. A compensation agreement was entered into on December 31, 1929, under which he was to be paid $13 per week for the statutory period, or until the agreement should be terminated. The amount of compensation was subsequently reduced, by supplemental agreement, to $8.45 per week. On January 31, 1931, the appellant filed a petition to terminate the agreement, and, after a hearing, the referee granted the prayer of the petitioner. The board reversed the referee and found that the claimant was still 40 per cent disabled, and made an order for the payment of $5.20 per week until there is a change in his disability. The court held that there was sufficient competent, legal evidence to support the board's finding, dismissed the exceptions, and entered judgment in favor of the claimant. This appeal followed.

The appellant, in its argument, takes the position that it was incumbent upon the claimant to show that he had not been restored to his full earning power. This is a mistake. True, a claimant for compensation must prove all facts essential to a recovery by a preponderance of competent testimony (Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256; Seitzinger

v. Ft. Pitt Brewing Co., 294 Pa. 253, 258, 144 A. 79), but that rule does not apply where the employee or insurance carrier desires to terminate an agreement. Then it is the one seeking to change the status created by the parties themselves who must assume the burden of proof, as the compensation agreement is prima facie evidence of a compensable accident.

Referring to the record, we find the petitioner's evidence is confined solely to the testimony of Dr. Walter H. Blakeslee, medical examiner for the board, who stated that the injured leg was shorter than the other; that the claimant walked with a limp; and that the function of the leg was impaired. But, notwithstanding the claimant's crippled condition, he expressed the opinion that claimant had "sufficiently" recovered to resume the occupation of a janitor, as he felt that he could clean floors and windows, and perform the duties generally incident to that character of employment; but stated that the claimant "will have to suffer some pain while he is going back and bringing those parts into play under stress and strain of occupation."

Dr. John Farrell, called upon the part of the claimant, testified that "his [claimant's] injury incapacitates him to the extent that he isn't able to get about as rapidly as he did probably once; cannot move around like he used to. Taking into consideration his age, together with the fact that he has a limp, it is going to make it that much harder to get a job;" that "no man with a crippled leg is as efficient as he would have been otherwise." He stated, however, that the claimant could do janitor work—"cleaning out laboratories," but added: "In the Army we would claim that disability is at least fifty per cent and they probably would give him seventy-five."

The board was fully warranted in concluding that his work, as janitor, required the plaintiff "to stoop,

bend, kneel, and turn the body one way and another,'' which could not have been engaged in by a man who had broken his hip and had not recovered the full use of it. The claimant himself testified that he was unable to work, and that he continued to suffer pain in his hip, as the result of which he had not had a good night's sleep since he had left the hospital; that he had endeavored to do work, which required but slight effort, such as cleaning up leaves and doing odd jobs around the house, but was unable, as he suffered greatly in his hip if he placed weight on it for a while; and that he has trouble in sitting down. Just how much one's earning power is reduced in a case of this character is difficult to fix. But it must be borne in mind that the same exactness of proof in a compensation case is not required as in suits at common law: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666. That question, however, was for the board to determine from the competent evidence and the proper inferences to be drawn therefrom, and, when once ascertained, the finding is as binding upon us as the verdict of a jury: Sgattone v. Mulholland & Gotwals, Inc., 290 Pa. 341, 345, 138 A. 855; Dunbar v. Jacobson, Inc., 106 Pa. Superior Ct. 95, 161 A. 431. ''Proof relied upon to show diminution of earning power need not be clear and indubitable'': Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 302, 112 A. 459. See, also, Olin v. Bradford, 24 Pa. Superior Ct. 7. We certainly are not warranted in holding that the proof was so conclusive that the board had no alternative than to determine that the claimant's earning power was unimpaired, confronted, as it was, with evidence that this claimant continues to have a stiff and painful hip. Mr. Justice KEPHART, in Bausch v. Fidler, 277 Pa. 573, 579, 121 A. 507, said: ''In order to determine the compensation claimant is entitled to receive on account of the partial disability due to the injured wrist, the

board, in the exercise of a sound discretion, must find the unknown quantity 'earning power,' in 306 (b). Earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the elements that make it up or detract from it as defined or considered by the compensation act; it may be ascertained by considering the body in its normal condition impaired only by the wrist injury." Assignments of error are overruled.

Judgment affirmed.