### Lewis *v.* Bethlehem Mines Corporation, Appellant.

Argued November 15, 1939.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*Rufus S. Marriner,* with him *John F. Wiley,* of
*Marriner & Wiley,* for appellant.

*H. Russell Stahlman,* for appellee.

OPINION BY HIRT, J., May 8, 1940:

Claimant on January 9, 1933 sprained his ankle in
the course of his employment. Osteomyelitis of the left
tibia developed and on June 21, 1934 the parties entered
into an open agreement under which compensation for
total disability was paid for 150 weeks ending December

2, 1935. On December 4, 1935 it was agreed that the disability had been reduced to fifty percent partial, but the supplemental agreement entered into by the parties was not approved by the board. (It has no probative value as evidence, to reduce the compensation, under the circumstances attending its execution). On December 24, 1935 defendant employer petitioned for termination of the agreement for total disability on the ground that "since this injury was confined to the left ankle and compensation has been paid 150 weeks, which is equivalent to the loss of the foot, claimant has been fully compensated for the injury." After hearing, the referee found fifty percent partial disability and made an award accordingly. The board reversed the referee and ordered a continuance of compensation for total disability. On appeal to the common pleas, the court, after another reference of the case to the compensation authorities, affirmed the award for total disability and entered judgment in favor of claimant. Hence, this appeal.

Since the supplemental agreement, reducing the payments to compensation for partial disability was never approved (§408 Act of June 2, 1915, P. L. 736, amended by the Act of June 26, 1919, P. L. 642) the existing agreement is one for total disability and defendant employer who now seeks to change the agreed status of claimant has the burden of proof and it must appear by competent and convincing testimony that the injury has resolved itself into the permanent loss of the use of the foot. *Carson v. Real Estate-Land T. & T. Co. et al.,* 109 Pa. Superior Ct. 37, 165 A. 677; *Maishock v. State Workmen's Ins. Fund et al.,* 129 Pa. Superior Ct. 118, 195 A. 143. If it has, the extent of the disability, whether total, partial, or no incapacity at all, becomes immaterial. *Lente v. Luci,* 275 Pa. 217, 119 A. 132; *Flood v. Logan Iron & Steel Co.,* 136 Pa. Superior Ct. 101, 5 A. 2d 621.

In assuming the burden of proof, the defendant produced three physicians who expressed opinions as to

the nature and extent of claimant's disability. One of them testified that from examination he found no disability other than the loss of the use of the foot. A second physician who had treated claimant found him suffering from acute osteomyelitis on March 25, 1933, which involved the removal of the lower tibia including the upper articulate surface, as a result of which claimant now has ankylosis, the anticipated result of the operation, and the left ankle joint is now permanently rigid. He also found soreness between the knee and the ankle evidenced by swelling. In the opinion of this witness claimant has lost the use of his foot with a resulting disability, measured by earning power, which may be considered fifty per cent partial, if employment can be found. The witness is a medical examiner for one of the mines and he expressed doubt that claimant could find any remunerative work and stated that with his disability, he could not be passed for employment even as a watchman or shanty man. The third physician found, in addition to the ankylosis, some atrophy of the muscles of the left leg; he expressed the opinion, however, that if claimant were given light work he could accommodate himself to it.

Claimant produced a surgeon of high standing in his profession. He testified that, from his examination of claimant, he found complete ankylosis of the ankle, also evidence of tenderness at the left knee joint with marked crepitus on motion and tenderness in the left thigh and in the region of the sacrum and the left sacroiliac joint. He found bending motions very limited with hamstring muscle spasms which indicated "some injury or some discomfort or some trouble in the left sacroiliac joint." His examination disclosed evidence of arthritis at the knee and around the sacroiliac joint and in his opinion the arthritis had been aggravated by the accident and by the osteomyelitis. As a result of his examination he believed claimant totally disqualified for general labor but expressed the opinion that he could be on his feet some of the time if permitted to

rest at frequent intervals but that he could not lift any great weight and would have difficulty in stooping; that any work assigned to him would have to be performed leisurely with the opportunity for periods of rest. Claimant testified that since his discharge from the hospital he has suffered pain continuously in his ankle and up to his hip and in his back; that walking is painful even when supported by a cane; that he has tried to work in his garden but had to stop because of the pain; that there is no work in the mine that he is capable of doing because he cannot stand on his feet for any length of time but that he is willing to accept a light job if it is made available and the means of going to and from the mine are provided.

The agreement which defendant seeks to terminate is one, not for a specific loss, but an agreement for total disability, and it is apparent that there is substantial credible evidence of impairment, in support of the conclusion of the board, apart from the condition of the ankle, which contributes to claimant's disability and which normally does not result from the loss of the use of a foot. Since the injury extends beyond the permanent loss of the use of the foot claimant is not limited to compensation for the loss of that member: *Zuro v. McClintic Marshall Co.* 129 Pa. Superior Ct. 143, 195 A. 160; *Clark v. Clearfield Opera House Co.,* 275 Pa. 244, 119 A. 136. *Lente v. Luci,* supra.

Even though it be conceded that claimant is able to do some light work, the injury under the testimony has left him a nondescript in the labor market and in the absence of testimony that work such as he can do is available, he is entitled to compensation for total disability under his agreement: *Consona v. R. E. Coulborn & Co. et al.,* 104 Pa. Superior Ct. 170, 158 A. 300. This conclusion, however, does not relieve claimant from the duty of making an honest effort to rehabilitate himself within his actual limitations.

Judgment affirmed.