Opinion by
 

 Cunningham, J.,
 

 The appeal in this workmen’s compensation case arose out of the refusal of the referee, affirmed by the board, to terminate payments of compensation by appellant to appellee under an open agreement providing compensation for total disability.
 

 Claimant-appellee, a coal loader, was injured in appellant’s mine May 25,1937, when a piece of slate weighing from ten to twenty pounds fell fifteen feet and struck him on his right side, bruising him from the shoulder down to the hip, and causing a fracture of the eleventh rib.
 

 At the time of the injury appellee was sixty-two years of age and afflicted with a preexisting osteoarthritic condition, as well as myocarditis and high blood pressure. January 24, 1938, appellant filed a petition,
 
 *203
 
 under Section 413 of our Workmen’s Compensation Act of June
 
 2,
 
 1915, P. L. 736, .as amended, (77 PS §§772-774) for termination of tlie agreement, averring appellee’s fracture had healed, and that all disability-due to the injury had ceased as of August 1, 1937, upon which date payments had been discontinued. The substance of appellee’s answer was that his preexisting ailments had been so aggravated by the accidental injury that he was still totally disabled.
 

 At the hearings on March 1, and September 26, 1939, before the referee it was conceded that appellee was then totally disabled. The only issue was whether his admitted inability to do any work was attributable to the accidental
 
 aggravation,
 
 or the normal
 
 progression,
 
 of his preexisting physical condition. There was conflicting medical testimony upon that issue of fact; at the first hearing Dr. J. P. Kerr testified for appellant and Dr. J. O. Wallace for appellee. Later, the referee called in an impartial expert, Dr. C. C. Yount.
 

 The referee dismissed appellant’s petition on the ground it had not met the burden resting upon it of showing that appellee’s existing total disability was due to the natural development of his various ailments, rather than to their aggravation by the accident, and, in effect, made an award that payments of compensation be resumed as of August 2, 1937, and be continued, within the limitations of the statute, until appellee’s disability changed in extent or ceased. The board affirmed the action of the referee and the court below entered judgment on the award. This appeal followed.
 

 On a petition to terminate compensation paid under an agreement or award, the employer, as the moving party, clearly has the burden of proof:
 
 Poellot v. B. & O. R. R. Co.,
 
 109 Pa. Superior Ct. 471, 475, 167 A. 497;
 
 Carson v. Real Estate-Land T. & T. Co. et al.,
 
 109 Pa. Superior Ct. 37, 165 A. 677;
 
 Stanella v. Scranton Coal Co., 122
 
 Pa. Superior Ct. 506, 513, 186 A. 211;
 
 Maishock v. State Workmen’s Ins. Fund,
 
 129 Pa. Superior
 
 *204
 
 Ct. 118, 120, 195 A. 143;
 
 Lewis v. Bethlehem, Mines Corp.,
 
 140 Pa. Superior Ct. 128, 130, 13 A. 2d 107.
 

 The only question of law involved upon this appeal is whether there is competent and substantial evidence upon this record sustaining the following finding of fact by the referee.
 

 “Fourth: Your referee finds as a fact that as a result of the aforesaid accident of May 25, 1937, the claimant sustained a fracture of the 11th rib, right, which has reunited and is healed. This fracture caused an aggravation of a 'pre-existing osteoarthritis, and the claimant’s total disability has continued unchanged since its inception under the agreement aforementioned, and is likely to continue for an indeterminate period.”
 

 The testimony of the three medical witnesses may be thus summarized: Dr. Kerr, for appellant, first examined appellee June 16, 1937, and treated him thereafter. In his opinion all disability due to the injury or rib fracture of May 25,1937, had ceased as of August 1, 1937, and his continuing total disability is due to his heart condition, myocarditis, and associated hypertension. As to the extent of appellee’s present disability, the witness said he told appellee “he would never be able to return to work.”
 

 Dr. Wallace, called by appellee, examined him February 17, 1938, and found a severe curvature of the spine, fracture of the fifth lumbar vertebra and pneumoconiosis, but no heart condition or evident fracture of the eleventh rib. His testimony on the principal issue before the referee is as follows: “Q. From the history you received and from your examination and the X-ray examination of the films, state whether or not in your opinion the condition was the result of this accident of May 25, 1937? A. From the history obtained, outside of the loss of his eye, he said he never had another injury and he was working up until the time of his injury and has been unable to work since and he has this definite scoliosis. I never saw a man
 
 *205
 
 walk quite like lie did. He walked back in this position; shoulders away back anteriorally. (Indicating.) I don’t see how I could do otherwise than say it was the result of the accident.”
 

 Dr. Yount, called by the referee as an impartial expert, testified he found a fracture of the eleventh rib which had healed; also a marked osteoarthritis involving the entire lumbar spine. He first stated that, aside from the accident, claimant would be at least fifty per cent disabled due to natural causes. This estimate was reduced to forty per cent in the following excerpt from his testimony: “Q. Did you have a history of this man’s occupation prior to the accident? A. I didn’t go into it in detail, no, but I presumed that he probably had been a miner for a long time. I don’t know whether that is a fact. Q. The agreement entered into in this case indicates that the occupation of the employee was a loader and for the period of time before the accident the mine worked 89 days and during that time the employee worked 82 days. If you had a history of that, would you change your percentage of disability as far as the osteoarthritis itself is concerned? A. What does a loader do? Q. He digs the coal and loads it on to a coal car, and does all the incidental laboring work in connection with coal mining. A. That is .a pretty good record of work, I would say. Is that just prior to the injury? Q. That is the 26 weeks period prior to the injury? A. In that case, my percentage of disability may be somewhat higher on his primary disability ......That would seem to me to be reasonable evidence that I may have over-estimated his primary disability from osteoarthritis, somewhat, perhaps 10%. Q. And the fact that this injury was superimposed upon arthritis, that caused the man to be totally disabled? A. Yes.”
 

 Considered in the light most favorable to the petitioner, all that can be said of the testimony is that it is conflicting. There is, however, ample competent and
 
 *206
 
 substantial evidence to sustain the findings of the compensation authorities. Where, as here, medical testimony, as to a causal connection between the accident and the disability, is conflicting, but there is evidence to support the finding appealed from, the result reached by the compensation authorities cannot be disturbed on appeal:
 
 Curcio v. Bendik et al.,
 
 109 Pa. Superior Ct. 241, 167 A. 626;
 
 Maishock v. State Workmen’s Ins. Fund,
 
 supra, [129 Pa. Superior Ct. 118] at page 120.
 

 This is one of those useless appeals by which we are asked to set aside findings of fact, although the record contains evidence adequately .supporting them.
 

 Judgment affirmed.