Radez *v.* Westmoreland Coal Company, Appellant.

Argued April 27, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*James Gregg,* of *Portser, Gregg & McConnell,* for
appellant.

*A. C. Scales,* of *Scales, Loughran & Shaw,* for ap-
pellee.

OPINION BY BALDRIGE, J., July 23, 1942:

The claimant, 58 years of age, on March 17, 1937,
while in the course of his employment received lacera-
tions of the scalp and forehead, contusions on the back,
and a fracture of the pelvis as a result of a fall of slate,

An agreement was entered into and the employer paid compensation thereunder until August 31, 1937, when it stopped making payments and requested the claimant to sign a final receipt, contending that he had fully recovered, but failed to file a petition to terminate the existing open agreement.

In *Furman v. Standard P. Steel Co. et al.*, 111 Pa. Superior Ct. 44, 169 A. 243, the defendant, as here, ceased making payments under an open agreement and without filing a petition to terminate. We there said that a refusal to continue payments does not end an agreement; that the law does not contemplate that an employer can terminate an agreement simply by refusing to pay under it. If there is a legal reason for stopping payments the law provides a remedy to the employer in case the employe refuses unreasonably to sign a final receipt, but so long as no step is taken toward annulling the agreement by the employer it remains in force. See, also, *Zimmer v. Closky et al.*, 122 Pa. Superior Ct. 142, 186 A. 403; *Pikutas v. Glen Alden Coal Company*, 129 Pa. Superior Ct. 57, 194 A. 765.

The claimant in this case, however, filed a petition to review the agreement and the employer filed an answer alleging that the employe had fully recovered from the injury sustained. The controversy came before a referee who treated defendant's answer as a petition to terminate the agreement. It is unnecessary to trace the several steps that were taken other than to say that the referee eventually found in his eighth finding of fact as follows: "...... that the claimant is still totally disabled as a result of the injury he sustained on March 17, 1937, and that his total disability is likely to continue." He concluded as a matter of law that the claimant was entitled to have compensation in this case continued. This action was sustained by both the board and the court below.

The appellant advances two propositions: First, that there was no substantial competent evidence upon which to base an award, and second, that in any event there should have been a determination of the disability due to the accident and that due to natural causes.

The claimant's testimony established that prior to this accident he had worked regularly and had no trouble with his back, which is the location of the present disability. Dr. L. W. McGough, called by the claimant, testified that he examined him on the date of the accident and last saw him on May 8, 1938, which was a few days before he gave his testimony, and concluded after studying the report of the X-ray findings as well as the hospital records that the claimant is totally disabled as the result of the accident.

Dr. H. A. McMurray, an X-ray specialist, said that in his judgment if this accident had not occurred the claimant could have continued working.

Dr. O. B. Snyder, another physician called by the claimant, testified that his examination on December 29, 1939, showed evidence of extensive arthritis in the spinal region which has advanced to such a stage that the claimant is unable to do ordinary work. He expressed the opinion that the trauma inflicted did not have anything to do directly with the arthritis but that it did enforce idleness and took him out of his employment, and that enforced idleness promoted stiffness and the limitation of motion in the joints of the spine and hips.

Dr. J. F. Trimble, called by the defendant, treated Radez at the hospital where he was confined for 59 days. He testified that the treatment included claimant's suspension in a hammock to immobilize the pelvis. He expressed the opinion that he had fully recovered and that he was able to go to work about October 1, 1937, although at that time he was still using a cane. It will be observed that although the testimony was conflict-

ing, it was ample to support the finding of the compensation authorities.

Chairman Murphy in his opinion stated: "In our judgment, a preponderance of the testimony contained in the record establishes that the claimant on March 17, 1937 sustained injuries by accident during the course of his employment with the defendant; that prior to this time the claimant was able to perform the duties of his employment as a coal miner without difficulty although suffering from arthritis of the spine ...... Since the claimant's disability results from the arthritic condition which developed because of the accident and resulting period of convalescence, the claimant's disability results from the accident of May 17, 1937, and is compensable under the Workmen's Compensation Act of 1915 as amended."

The burden was upon the employer, as his answer to the petition to review was considered as a petition to terminate, to show that the claimant's disability had ceased. We can find no reason to set aside the findings of the compensation board, as this burden was not successfully carried. See *Lewis v. Bethlehem Mines Corporation,* 140 Pa. Superior Ct. 128, 13 A. 2d 107; *Matchouski v. Pittsburgh Terminal Coal Corporation,* 146 Pa. Superior Ct. 201, 22 A. 2d 114.

We said in *Walsh v. Penn Anthracite Mining Company,* 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51, that the compensation authorities are not required to accept uncontradicted evidence as true. Where the board's findings of fact are consistent with each other and with its conclusions of law its findings must be affirmed. See, also, *Kennedy v. Holmes Construction Co. et al.,* 147 Pa. Superior Ct. 348, 24 A. 2d 451; *Mancini v. Pa. Rubber Co.,* 147 Pa. Superior Ct. 359, 24 A. 2d 151.

The appellant's first position cannot be sustained.

Nor do we find a sound basis for the second contention that there should have been a determination of the

part of the claimant's incapacity attributable to arthritis and that inflicted by the accident. We have an express finding based on ample testimony that notwithstanding the claimant had some arthritis prior to the accident, his present total disability is the result of the injuries received in the accident. This case comes within our decisions which hold that a claimant is entitled to compensation where his pre-existing condition has been so aggravated that disability ensues as the result of an accident. *Mohr v. Desimone and Sayers,* 110 Pa. Superior Ct. 44, 167 A. 504; and *Flowers v. Canuso & Son et al.,* 115 Pa. Superior Ct. 234, 175 A. 287, are examples within that class. Many more are collected and cited in *Crispin v. Leedom and Worrell Co. et al.,* 142 Pa. Superior Ct. 1, 12, 15 A. 2d 549.

We find no grounds for reversing the award. Judgment is affirmed.