## Svestka *v.* Union Collieries Company, Appellant.

Argued April 27, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Edw. J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*A. L. McLaughlin, Jr.,* for appellee, was not heard.

Opinion by Rhodes, J., July 23, 1942:

This is one of those workmen's compensation cases where the courts have been asked to set aside findings of fact by the compensation authorities when it clearly appears that there is competent and substantial evidence in the record sufficient to sustain them. The case presents nothing new, and simple and well-established principles govern it.

Claimant was accidentally injured on August 8, 1938, in the course of his employment with defendant. A piece of coal from the side of the mine where he was working fell and struck him in the lower part of the back. A compensation agreement was entered into between the parties providing for the payment of compensation for total disability. (The agreement has not been printed in the record.) Payments were made to April 30, 1939. On August 4, 1939, defendant filed a

petition to terminate the agreement. It was averred therein that claimant's disability, if any, resulting from the accident had terminated, and that his disability then, if any, was due to chronic ailments and old age. Claimant answered that he was totally disabled.

After hearing, the referee found that claimant's disability had become partial as of May 1, 1939, and was reflected in a loss of earning power of 50 per cent, and that this disability would continue indefinitely. The agreement was modified accordingly. The referee's findings of fact, conclusions of law, and order of modification were affirmed by the board. The court of common pleas affirmed the board, and entered judgment for claimant.

Defendant has appealed, and questions the sufficiency of the evidence to sustain the findings of fact by the referee, which were adopted by the board.[1]

The burden of proof was on defendant which presented the petition to terminate the agreement, and which sought to change the status created thereby; the compensation agreement was prima facie evidence of a compensable accident. *Carson v. Real Estate-Land Title & Trust Co. et al.*, 109 Pa. Superior Ct. 37, 40, 165 A. 677; *Poellot v. Baltimore & Ohio R. Co.*, 109 Pa. Superior Ct. 471, 475, 167 A. 497; *Williams v. Baptist Church et al.*, 123 Pa. Superior Ct. 136, 143, 186 A. 168; *Maishock v. State Workmen's Insurance Fund et al.*, 129 Pa. Superior Ct. 118, 120, 195 A. 143; *Lewis v. Bethlehem Mines Corp.*, 140 Pa. Superior Ct. 128, 130, 13 A. 2d 107.

It would serve no purpose to review all the testimony of the medical experts who testified. It was conflicting; and there was no other testimony except that of claim-

---

[1] For recent similar cases see: *Matchouski v. Pittsburgh Terminal Coal Corp.*, 146 Pa. Superior Ct. 201, 22 A. 2d 114; *Metalko v. Ford Collieries Co.*, 146 Pa. Superior Ct. 206, 22 A. 2d 222; *Tomshuck v. Wallin Concrete Corp. et al.*, 146 Pa. Superior Ct. 390, 23 A. 2d 74.

ant himself. Two of defendant's experts testified that any disability or aggravation from claimant's injury was temporary, that he had no disability from such injury after February, 1939, and that such disability as he had was the result of other causes. Another of defendant's witnesses, Dr. E. S. A. King, was of the opinion, however, that claimant was unable to do heavy work, that he could do no more than something comparable to that of a watchman, and that 25 per cent of his disability was attributable to his accident, and 75 per cent to arthritis and senile change.

It is sufficient to refer only to that testimony which supports the finding that claimant's earning power had been reduced 50 per cent by the accident.

The extent of claimant's loss of earning power is purely a factual question to be determined by the compensation authorities from the competent evidence and the proper inferences to be drawn therefrom (*Carson v. Real Estate-Land Title & Trust Co.*, supra, p. 41); and on appeal our province is merely to ascertain whether there is competent and substantial evidence in the record sufficient to sustain the finding made *(Wilkinson v. Jones & Laughlin Steel Corp.*, 139 Pa. Superior Ct. 607, 608, 13 A. 2d 125).

Claimant, who was 66 years of age, testified that he had been steadily employed by defendant for 18 years. During the 26 weeks prior to the accident he worked 107 days, although defendant's mine was in operation only 77 days. His regular work was that of a coal loader, but he did other odd jobs when the mine was not operating. At the time of the accident he was cleaning boney. He never worked thereafter.

Dr. H. S. D. Mock, a medical expert called by claimant, testified that he had made various examinations of claimant beginning in February, 1940, and that he had seen him every week or two since the accident. He diagnosed claimant's trouble as osteoarthritis of the spine, aggravated by the accident. He was of the opinion

that claimant's condition was due to the injury to his back at the time of the accident (31a), that he was totally disabled for heavy work such as lifting coal, and that he was 50 per cent disabled for any kind of work.

· Due to the conflicting medical testimony the referee appointed an impartial expert, Dr. C. C. Yount. Dr. Yount testified that the chief factor in claimant's disability was the osteoarthritis, but that the accident was a factor in his present condition. The doctor further testified that claimant could not do work requiring stooping or bending, that he was totally disabled as a coal loader, and that he could do work only of a highly selective nature. He estimated claimant's disability at 30 per cent to 40 per cent; he said that this estimate was based largely upon the present condition of claimant's back from the osteoarthritis and from the injury, but that he did not believe it could include the infirmities of age.

Claimant is unquestionably greatly disabled, and the testimony which we have briefly summarized so clearly sustains a finding that his disability is at least partial and that he suffers a loss of earning power of 50 per cent as the result of the accidental injuries that little comment is required. In trespass actions for personal injuries it has been held that the proof relied upon to show diminution of earning power need not be clear and indubitable. *Robb v. Niles-Bement-Pond Co., Inc.,* 269 Pa. 298, 301, 302, 112 A. 459. And, as we have said in workmen's compensation cases, there is no formula that can be applied to determine the amount of the loss of earning power with exactness; it is always a question involving the exercise of sound judgment and common sense. *Michetti v. State Workmen's Insurance Fund et al.,* 143 Pa. Superior Ct. 458, 462, 17 A. 2d 712; *Marmon v. Union Collieries Co.,* 135 Pa. Superior Ct. 582, 586, 7 A. 2d 156. But here there was testimony as to the character of claimant's physical injury, and as to the extent of his disability from the

accident as distinguished from other causes. *Bittner v. Saltlick Township,* 109 Pa. Superior Ct. 406, 411, 167 A. 483. His inability to engage in his usual employment was shown as well as virtual inability to engage in any kind of profitable work. See *Weinstock v. United Cigar Stores Co. et al.,* 137 Pa. Superior Ct. 128, 132, 8 A. 2d 799; *Henry v. Pittsburgh Railways Co.,* 131 Pa. Superior Ct. 252, 255, 200 A. 294.

Claimant believed he was entitled to a continuance of compensation for total disability; in the proceedings begun by defendant's petition the order of modification was made. Claimant is apparently unskilled and uneducated, and he probably could not be employed except as a common laborer. See *Cavanaugh v. Luckenbach Steamship Co.,* 125 Pa. Superior Ct. 275, 279, 189 A. 789. Consequently, in his condition, some of which most of the medical experts concede to be due to the accident, his ability to perform any work or to earn wages in any kind of employment would be very limited. We feel, from our examination of the record, that defendant has no reason to complain of the outcome of the proceedings which it instituted.

Judgment is affirmed.