## Cybert v. Bendix Corporation et al.

*Frank R. Ambler*, for claimant.
*Thomas E. Comber*, for defendant.

MACNEILLE, P. J., September 26, 1946.—Claimant sustained a Potts' fracture at his work on January 17, 1945, for which he received compensation from January 24, 1945, to February 13, 1945. He signed a

final receipt on February 23, 1945, and on August 29, 1945, filed a petition to set aside the final receipt. The matter now comes before us on appeal by defendants from an order of the Workmen's Compensation Board confirming the award of the referee in which he set aside the final receipt signed by claimant and awarded partial disability.

The only issue raised by the exceptions which may be considered here is whether the finding by the board that claimant has suffered a loss of earning power because of a partial disability and the award thereunder may be sustained.

The Workmen's Compensation Board confirmed the award of the referee and the setting aside of the final receipt signed by claimant. Defendants on appeal took no exception to the setting aside of the final receipt, which was set aside because claimant has signed it "under a mistake of law" and while he was still suffering a disability. Since no exception was taken to this ruling we may assume that the action of the board was proper. Once the final receipt was set aside the original agreement, which in this case was for total disability, was automatically revived. In Artac v. Union Collieries Co., 149 Pa. Superior Ct. 449, the court stated at page 452:

". . . the effect of an order setting it aside is to automatically restore the parties to the position they would have been in if the receipt had never been signed. It automatically revives the agreement in effect when the receipt was signed."

See also Hite v. Rockhill Coal Co., 151 Pa. Superior Ct. 284.

The final receipt having been set aside and the original agreement for total disability having been revived, the burden then rested upon defendant employer to show claimant had only a partial disability and

defendant employer also had the burden of reducing the amount of compensation payable under the revived agreement. In Artac v. Union Collieries Co., supra, at page 451, the court, quoting from an earlier case, reaffirmed the law to be:

" 'Upon the setting aside of final receipt on the ground of having been improperly obtained, and upon the reinstatement of the compensation agreement, the burden rested upon the defendant employer to prove that claimant's disability had temporarily ceased and that he no longer suffered a loss of earning power. The burden did not rest upon the claimant to show that he had not been restored to his full earning power. See Carson v. Real Estate Land T. & T. Co. 109 Pa. Superior Ct. 37, 165 A. 677; Stanella v. Scranton Coal Co., supra, 513.' We also said (p. 502) : 'No question has been raised as to the propriety of [that part of the order setting aside the final receipt] . . . as made by the compensation authorities.' "

In Hite v. Rockhill Coal Co., supra, the court stated at page 286:

"The order setting aside the final receipt on the ground that claimant still suffered some disability, revived the compensation agreement in effect when the receipt was given. The issue, then, was the degree of claimant's partial disability during the period as reflected in earning power. The burden of reducing the amount of compensation payable under the revived agreement, was on the defendant as though it had petitioned for a modification of the agreement."

In the present case defendant employer introduced no evidence before the referee and claimant, having his original agreement revived, had no duty to testify, but once having testified he is bound by any admissions he made. He did admit he was presently employed and to the extent he admitted his present wages

the board was justified in taking such testimony into account in ascertaining his present disability and earning power.

It may well be that the statement of the board in its opinion that the "lack of opportunity of employment at the defendant's plant is immaterial, as only the actual amount of wages received may be considered" is not an accurate statement of the law, but we are not called upon to pass on the question as the burden was on defendant employer to prove the extent of loss of earning power, and having introduced no testimony the admissions of claimant are the only evidence which may be considered, and we cannot say that the board's finding was not supported by such evidence.

### Order

And now, to wit, September 26, 1946, the exceptions of defendants are overruled, their appeal taken in this matter is hereby dismissed, and the award of the Workmen's Compensation Board affirming the findings of fact and conclusions of law of the referee is hereby affirmed.

Accordingly, judgment is entered against defendant Bendix Corporation and/or the Fidelity & Casualty Company of New York in favor of Victor R. Cybert in the sum computed at the rate of 66 2/3 percent of $19.60, or loss in earning power, or the sum of $13.07 per week beginning August 15, 1945, and to continue until such time as claimant's disability shall cease or change in extent.

Judgment is further entered for interest on the above payment of compensation at the rate of six percent per annum from the date when the compensation first fell due under the award as affirmed until the date of payment.