## McGlinchy *v.* Union Carbide Corporation, Appellant.

Argued December 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Mark D. Alspach,* with him *Thomas E. Byrne, Jr., John C. Detweiler,* and *Krusen, Evans and Byrne,* for appellant.

*Murray C. Goldman,* for appellee.

OPINION PER CURIAM, April 13, 1972:
Judgment affirmed on the opinion of Judge ALEXANDER of the court below.

---

DISSENTING OPINION BY MONTGOMERY, J.:
In this wrongful death case, the court below, sitting without a jury, returned a verdict for the plaintiff in

the sum of $206,966.29. It is my opinion that this verdict is excessive and that a new trial should be awarded for a determination of the proper damages only.

From my review of the testimony submitted on damages, I believe that there is insufficient testimony to support the verdict in the area of the decedent's future earnings. At death the decedent was thirty years of age and had worked for the defendant for nine months for $7,500 per year. Although he was a cooperative, conscientious, eager, willing, ambitious and active worker and aspired to be an over-the-road trucker, which would have increased his earnings considerably, the record, in my opinion, does not contain sufficient evidence to demonstrate (1) the qualifications for such a trucker, (2) whether the decedent possessed these qualifications and (3) whether such work was available to him. In order to estimate future earnings it is necessary to prove that the desired employment is open to the worker. *Olin v. Bradford,* 24 Pa. Superior Ct. 7 (1903), and that the worker is fitted for the work to which he aspires. *Leaver v. The Midvale Company,* 162 Pa. Superior Ct. 393, 57 A. 2d 698 (1948).

Therefore, I respectfully dissent.